Karen B. King, Esq. (SBN 167568)
OFFNER & KING LLP
2411 Second Avenue
San Diego, California 92101
Telephone: (619) 702-2301

Attorneys for Plaintiff PLATYPUS WEAR, INC.

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATYPUS WEAR, INC., a Nevada corporation,<br><br>               Plaintiff,<br><br>  v.<br><br>JOHN F. MAHANEY COMPANY, a business organization form unknown, ALL STATES AG PARTS, LLC dba John F. Mahaney Company and Parts ASAP, a Delaware limited liability company, and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

    Plaintiff, PLATYPUS WEAR, INC., complains and alleges:

## **PARTIES**

    1.    Plaintiff Platypus Wear, Inc. ("PWI") is a Nevada corporation with its principal place of business located at 2411 Second Avenue, San Diego, California 92101. PWI is in the business of licensing its intellectual property rights in the United States and around the world.

/ / / /

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

2. PWI is informed and believes and thereon alleges that Defendant John F. Mahaney Co., is a business organization, form unknown, with its principal place of business in Sacramento, California.

3. PWI is informed and believes and thereon alleges that Defendant All State AG Parts, LLC ("ASAP") is a Delaware limited liability company registered to do business, and doing business, in the State of California, with an office located in Sacramento County, California. PWI is informed and believes and thereon alleges that, at all relevant times since in or about 2019, ASAP has been doing business as the John F. Mahaney Company. PWI is informed and believes and thereon alleges that ASAP also does business under the name Parts ASAP.

## DOE ALLEGATIONS

4. PWI is ignorant of the true names and capacities of Defendants sued herein as Doe 1 through 50 and, therefore, sues those Defendants by such fictitious names. PWI will amend this Complaint to allege their true names and capacities after they have been ascertained. Plaintiffs are informed and believe, and thereon alleged, that each of the fictitiously named Defendants is an agent or representative of each of the named Defendants.

5. PWI is informed and believes and thereon alleges that the Defendants, and each of them, are the agents of one another, and that all of the acts performed by each and every Defendant were within the course and scope of that agency relationship.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the copyright laws of the United States, Title 17, United States Code, federal question jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338 and pendent jurisdiction under 28 U.S.C. § 1367.

7. The Court has personal jurisdiction over Defendants in that they, *inter alia*, can be found in the State of California, solicit, transact and do business within the State of California and have committed unlawful and tortious acts both within the

State of California causing injury in California. PWI's claims arise out of some of the conduct that gives rise to personal jurisdiction over Defendants.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400 because Defendants and/or their agent(s) reside and/or may be found in this judicial district.

## FACTUAL ALLEGATIONS

**A.   THE BUSINESS OF PWI.**

9. PWI has been in business since 1984 and is in the business of licensing the use of its intellectual property in the United States and around the world.

10. At all relevant times, PWI and/or its predecessors in interest has been the owner of the following relevant United States copyright registrations. PWI's copyright registrations are valid and subsisting.

| Work | Reg. No. | Title | First Publication Date and Registration Date |
|---|---|---|---|
| [Bad Boy figure image] | VA 734-333 | BAD BOY – BOY FIGURE | 1st Pub.: Feb. 1, 1994<br>Reg.: Sept. 27, 1995 |
| [Bad Boy face image] | VA 734-334 | BAD BOY FACE DESIGN | 1st Pub.: Mar. 30, 1989<br>Reg.: Sept. 27, 1995 |
| [Bad Boy logo image] | VA 740-282 | BAD BOY CORPORATE DESIGN | 1st Pub.: Dec. 18, 1991<br>Reg.: Sept. 18, 1995 |

| Work | Reg. No. | Title | First Publication Date and Registration Date |
|---|---|---|---|
| | VA 992-741 | BAD BOY – BOY FIGURE | 1st Pub.: Dec. 18, 1991<br>Reg.: Mar. 6, 2000 |
| | VA 1-735-218 | LEFT JUSTIFIED 3 COLOR | 1st Pub.: Jan. 1, 2009<br>Reg.: Jul. 26, 2010 |
| | VA 1-920-344 | MUGG | 1st Pub: Dec. 31, 1999<br>Reg.: May 23, 2014 |
| | VA-1-963-801 | BAD BOY X-FIT | 1st Pub: Dec. 1, 2013<br>Reg.: June 13, 2014 |

(True and correct copies of PWI's aforementioned United States copyright registrations are hereafter individually and collectively referred to at times as the "BAD BOY Copyrights" and are attached, and incorporated, as **Exhibit 1** to this Complaint.)

11. The BAD BOY Copyrights contain material wholly original to PWI that is copyrightable subject matter under the laws of the United States.

12. PWI has established itself as the exclusive source of high-quality products legitimately bearing the BAD BOY Copyrights.

/ / / /

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

**B.     THE BUSINESS OF DEFENDANTS.**

13.     PWI is informed and believes and thereon alleges that Defendant John F. Mahaney Co. ("Mahaney") was founded in or about 1951 and is in the business of distributing agricultural and industrial tools under the Red Rooster Professional Tools brand and other brands.

14.     PWI is informed and believes and thereon alleges that defendant ASAP was founded in or about 1998, has claimed to be the largest supplier of new, used and remanufactured tractor and combine parts in North America and has approximately 15-20 locations including in California.  PWI is informed and believes that ASAP sells products directly to the public through its physical locations and over the Internet, including substantial sales in and to the State of California and this judicial district.

15.     PWI is informed and believes and thereon alleges that defendant ASAP acquired defendant Mahaney in or about 2019.

16.     PWI is informed and believes and thereon alleges that, at all relevant times, Defendants have had access to, and an opportunity to view, PWI's BAD BOY Copyrights through, *inter alia*, materials available in the public record and in connection with PWI's genuine licensed products and services.

17.     PWI is informed and believes and thereon alleges that, since at least 2019, Defendants and/or their predecessors-in-interest have used the following works (the "Infringing Works") in commerce in the United States, including in this judicial district, without license or permission from PWI:




18. The Infringing Works consist of PWI's BAD BOY Copyrights or substantially similar, strikingly similar or derivative works.

19. PWI is informed and believes and thereon alleges that, since at least 2019, Defendants have been offering for sale and selling products, including shovels, bearing the Infringing Works, in California and elsewhere, including in this judicial district.

20. PWI is informed and believes and thereon alleges that Defendants' offered for sale and sold shovels bearing the Infringing Works (the "Infringing Shovels") under the name "Bad Boy Shovel."

21. PWI is informed and believes and thereon alleges that, beginning no later than 2019, without license or authorization from PWI, Defendants have sold and/or offered for sale products bearing the Infringing Works, including the Infringing Shovels, on their websites https://www.tractorpartsasap.com/ and https://www.redroosterprofessionaltools.com/ in the United States, including in this judicial district, and elsewhere. A true and correct copies of an excerpt of Defendants' catalog downloaded from Defendants' website is attached hereto, and incorporated, as **Exhibit 2**. A true and correct copy of an excerpt from the redroosterprofessionaltools.com website depicting one of Defendants' Infringing Shovels is attached hereto, and incorporated, as **Exhibit 3.**

22. PWI is informed and believes and thereon alleges since at least in or about 2019, without license or authorization from PWI, Defendants have sold and/or offered for sale products, including shovels, bearing the Infringing Works through online third-party retailers including, *inter alia*, Walmart and Amazon.

23. PWI has not authorized or consented to Defendants' reproduction, distribution, display or utilization of the Infringing Works or of the BAD BOY Copyrights, or substantially similar, strikingly similar or derivative works, for any purpose on or with respect to any product including shovels.

24. PWI is informed and believes and thereon alleges that Defendants'

infringement of the BAD BOY Copyrights is willful, particularly in light of, *inter alia,* Defendants' use of PWI's BAD BOY Copyrights, including the words "bad boy," and their prior notice of PWI's rights.

25. Defendants' use of the BAD BOY Copyrights, or substantially similar, strikingly similar or derivative works, has caused and is causing PWI irreparable harm.

26. Defendants, and each of them, have engaged in the infringing conduct described herein willfully, intentionally, knowingly, maliciously and oppressively, and in reckless and knowing disregard for PWI's proprietary rights.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. § 101, *et seq.*

### (PWI Against All Defendants)

27. PWI incorporates the foregoing allegations by reference as if fully set forth in this paragraph.

28. PWI is currently and at all relevant times has been the sole owner of all right, title and interest in and to the copyrights in the BAD BOY Copyrights.

29. The BAD BOY Copyrights contain material wholly original to PWI that is copyrightable subject matter under the laws of the United States, as evidenced by the U.S. Copyright Certificates of Registrations, attached hereto as **Exhibit 1**.

30. Defendants, and each of them, have used and displayed for commercial purposes PWI's BAD BOY Copyrights, or substantially similar, strikingly similar or derivative works.

31. Defendants' reproduction, distribution, display and use of PWI's BAD BOY Copyrights or substantially similar, strikingly similar or derivative works, including in connection with shovels and related products, was and is without the consent or authorization of PWI.

32. By their actions alleged above, Defendants, and each of them, have infringed and will continue to infringe PWI's BAD BOY Copyrights by using on

shovels and related products direct copies, or substantially similar, strikingly similar or derivative works of PWI's BAD BOY Copyrights.

33. PWI has suffered serious injury as a result of the foregoing infringement of its BAD BOY Copyrights, including harm to its goodwill and reputation in the marketplace. PWI will continue to suffer serious injury if Defendants, and each of them, are not enjoined from copying, reproducing, distributing and placing upon products, including shovels, PWI's BAD BOY Copyrights, or substantially similar, strikingly similar or derivative works.

34. PWI has no adequate remedy at law for Defendants' continuing acts of copyright infringement. PWI is therefore entitled to permanent injunctive relief barring Defendants, and each of them, from their continuing acts of infringement. PWI is also entitled to seizure and destruction of the infringing goods.

35. As a direct and proximate result of the infringing actions of Defendants, and each of them, PWI has suffered damages in an amount that will be shown at trial.

36. As a direct and proximate result of the infringing actions of Defendants, and each of them, PWI is entitled to statutory damages, and to receive a disgorgement of Defendants' respective profits flowing from their respective unauthorized use of the BAD BOY Copyrights, or substantially similar, strikingly similar or derivative works, on shovels and related products.

37. Defendants, and each of them, have committed all of the aforesaid acts of infringement deliberately, willfully, intentionally, maliciously and oppressively, and in reckless and knowing disregard for PWI's proprietary rights.

38. Based on the conduct of Defendants and each of them, PWI is also entitled to recover its reasonable attorneys' fees and costs.

/ / / /

/ / / /

/ / / /

## SECOND CLAIM FOR RELIEF

### Unfair Competition (Cal. Bus. & Prof. Code § 17200)

### (PWI Against All Defendants)

39. PWI incorporates the foregoing allegations by reference as if fully set forth in this paragraph.

40. California Business & Professions Code section 17200, *et seq.*, prohibits any person or entity involved in any business from engaging in unfair competition, including engaging in any unlawful, unfair or fraudulent business act or practice.

41. The conduct of Defendants and each of them alleged in this complaint violated, and continues to violate, California Business & Professions Code section 17200, *et seq*.

42. PWI has been and continues to be harmed by Defendants' unfair competition and is entitled to injunctive relief remedying and preventing such unfair competition as well as restitution and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PWI demands judgment be entered in its favor and against Defendants, and each of them, as follows:

1. For a judgment that each Defendant has infringed upon PWI's BAD BOY Copyrights;

2. For a judgment that each Defendant's use, advertising, offering to sell, sale, or display of the BAD BOY Copyrights or substantially similar, strikingly similar or derivative works, on shovels and related products, constitutes an infringement of PWI's BAD BOY Copyrights;

3. For actual damages suffered by PWI as a result of Defendants' infringement, and any profits and/or royalties pursuant to an implied license that are attributable to Defendants' infringement;

4. For statutory damages of at least $300,000;

5. That Defendants' infringement and other wrongful acts herein alleged be determined to be and/or have been committed willfully, deliberately and in conscious disregard of PWI's rights, pursuant to 17 U.S.C. § 504 and at common law;

6. That Defendants, and each of them, be required to account to PWI for any and all gross and net sales, revenues, and profits received or derived by Defendants, and each of them, from the manufacture, marketing, sale, offering for sale, and/or distribution of products bearing or using any of the BAD BOY Copyrights or any substantially similar, strikingly similar or derivative works;

7. For a judgment that Defendants and any and all of their respective officers, employees, agents, representatives, successors, subsidiaries, or affiliates be permanently enjoined from any use, marketing, distribution and sale of any shovels or any other products bearing the BAD BOY Copyrights, or any substantially similar, strikingly similar or derivative works;

8. For such civil penalties as allowed by law;

9. For attorneys' fees and costs of suit;

10. For pre-judgment and post-judgment interest as allowed by law; and,

11. For such other and further relief as the Court deems just and proper.

OFFNER & KING, LLP

Dated: March 17, 2025    By: _____
                              Karen B. King, Esq.
                              Attorneys for Plaintiff PLATYPUS WEAR, INC.

### DEMAND FOR JURY TRIAL

PWI demands a jury trial on claims triable by jury.

OFFNER & KING, LLP

Dated: March 17, 2025    By: _____
                              Karen B. King, Esq.
                              Attorneys for Plaintiff PLATYPUS WEAR, INC.